UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD BONDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02279-JPH-TAB |
| | ) |
| HOLLYWOOD CASINO AND HOTEL, | ) |
| BARSTOOL SPORTSBOOK, | ) |
| LORA Unidentified Bar Server, | ) |
| UNNAMED SECURITY EMPLOYEE 1, | ) |
| UNNAMED SECURITY EMPLOYEE 2, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**I.   Granting *in forma pauperis* status**

Mr. Bonds's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. *See* 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Mr. Bonds to proceed without prepaying the filing fee, he remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

**II.   Screening the complaint**

**A. Screening standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a

1

claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The complaint

Mr. Bonds filed this suit using the Court's form for a civil rights complaint under 42 U.S.C. § 1983. Dkt. 1. Mr. Bonds alleges that he is a Black male. He alleges that employees at Hollywood Casino's Barstool Sportsbook bar discriminated against him based on his race during an incident on November 27, 2022. Specifically, he claims that a bartender, "Lora," treated him rudely when he was sitting at the bar and did not offer to serve him. He says that Lora treated white patrons more politely. When Mr. Bonds told Lora that he did not want to order if he had to "deal with that aggression," she "continued to berate plaintiff in front of other patrons." Eventually, Lora created a "'white damsel in distress' situation by telling security that plaintiff

was unruly."  A security guard then asked Mr. Bonds to leave for the day.  Mr. Bonds filed this lawsuit the next day, November 28, 2022.

### C. Discussion of claims

Mr. Bonds filed this suit under § 1983.  However, any § 1983 claims against the casino, bar, and bartender **must be dismissed** because Mr. Bonds has not alleged that they acted under color of state law.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High School*, 852 F.3d 690, 696 (7th Cir. 2017).  A private person acts under color of state law when she is a "willful participant in joint action with the State or its agents. This requires evidence of a concerted effort between a state actor and that individual." *Id.* (cleaned up).  That is, "[t]he plaintiff must identify a sufficient nexus between the state and the private actor to support a finding that the deprivation committed by the private actor is 'fairly attributable to the state.'" *Id.*  Here, Mr. Bonds has alleged no facts showing a "concerted effort" between any of the defendants and a state actor.

Claims against the two "unnamed security employee[s]" must also be **dismissed** because "it is pointless to include lists of anonymous defendants in federal court." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997).  Should discovery reveal the identity of these employees, Mr. Bonds may seek leave to amend his complaint to allege claims against them at that time.

3

Liberally construed, this action **may proceed** with a race discrimination claim under 42 U.S.C. § 1981 against Lora, the Casino, and the Bar.  Section 1981 provides all persons with "the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a).  While § 1981 is frequently invoked in employment litigation, courts also "evaluate[] § 1981 claims made by plaintiffs who allege that they faced illegal discrimination in retail establishments," and businesses may be liable for their employee's discriminatory conduct.  *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006).  Here, Mr. Bonds has alleged that, due to Lora's discriminatory treatment of him, he was escorted off the casino's property for the day and was, therefore, prevented from entering any further transactions with the casino or bar.  *See Bagley v. Ameritech Corp.*, 220 F.3d 518, 521–22 (7th Cir. 2000) (explaining that a retail employee's actions interfere with a contract under § 1981 when they terminate a transaction or prevent the plaintiff from entering into a transaction, rather than merely offending the plaintiff to the point where he voluntarily leaves or declines to pursue the transaction).

This claim under 42 U.S.C. § 1981 is the only viable claim the Court has identified in Mr. Bonds's Complaint.  If Mr. Bonds believes he asserted claims that the Court did not address, he must notify the Court **no later than January 12, 2023**.

### III. Directing Service of Process

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to

4

issue process to Defendants Hollywood Casino and Hotel, Barstool Sportsbook, and Lora in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate UNNAMED SECURITY EMPLOYEE 1, and UNNAMED SECURITY EMPLOYEE 2 from the docket.

**SO ORDERED.**

Date: 12/19/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TODD BONDS
PO Box 11442
CINCINNATI, OH 45211

Hollywood Casino and Hotel
777 Hollywood Way
Lawrenceburg, IN 47025

Barstool Sportsbook
777 Hollywood Way
Lawrenceburg, IN 47025

Lora
c/o Hollywood Casino
777 Hollywood Way
Lawrenceburg, IN 47025

5