UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD BONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-02279-JPH-TAB |
| ) | |
| HOLLYWOOD CASINO AND HOTEL, ) | |
| BARSTOOL SPORTSBOOK, ) | |
| LORA Unidentified Bar Server, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Todd Bonds, proceeding *pro se*, has filed a motion to compel. [Filing No. 34.] For the reasons set forth below, the Court denies Plaintiff's motion.

By way of brief background, Plaintiff alleges that Defendants discriminated against him based on his race in regard to the manner in which Defendants treated him at their casino bar. Defendants deny Plaintiff's allegations and assert that Defendants asked Plaintiff to leave the casino bar and subsequently banned Plaintiff from the property based upon Plaintiff's alleged inappropriate behavior. Plaintiff denies acting inappropriately.

As might be expected, casinos have many video cameras on site. Plaintiff served discovery that included requests for certain videos, among other information. Defendants responded to Plaintiff's discovery and in doing so stated that Plaintiff would need to sign a protective order for Defendants to produce this understandably sensitive video information to Plaintiff. In an exchange of emails, Plaintiff refused to sign the protective order. Plaintiff also declined Defendants' invitation to discuss the issue over a phone or video call. Instead, Plaintiff

filed the instant motion, accusing Defendants of "skullduggery" and much worse, including trying to hide discovery. [Filing No. 35, at ECF p. 4; Filing No. 39, at ECF p. 4.]

Filing a motion to compel based solely upon an unsatisfactory exchange of emails is wholly improper and flies in the face of the meet-and-confer requirements set forth in Federal Rule of Civil Procedure 37 and S.D. Ind. L.R. 37-1(a). *See Loparex, LLC v. MPI Release Technologies, LLC*, No. 1:08-cv-1411-JMS-TAB, 2011 WL 1871167, at *2 (May 16, 2011) ("An electronic ultimatum is not a good faith attempt to resolve a discovery dispute. Rather, the local rule contemplates an actual meeting with a date, time, and place—whether by telephone, videoconference, or (if counsel's location permits) preferably face-to-face.") (footnote omitted). And if a good faith meet-and-confer does not resolve the discovery dispute, the next step is not to file a motion to compel. Rather, Local Rule 37-1(a) requires the parties to contact the chambers of the assigned magistrate judge to determine whether the magistrate judge is available to resolve the discovery dispute by way of a telephone conference or other proceeding.

Under Local Rule 37-1(c), discovery disputes involving *pro se* parties have been exempt from complying with Local Rule 37-1. However, Federal Rule of Civil Procedure 37 "does not have an exemption for *pro se* litigants and the federal rules control when there is an inconsistency between the Federal Rules of Civil Procedure and the Local Rules." *Alerding Castor Hewitt LLP v. Fletcher*, No. 1:16-cv-2453-JPH-MJD, 2019 WL 1746284, at *2 (S.D. Ind. April 18, 2019). Furthermore, on June 14, 2023, the Court gave public notice that certain amendments to the Local Rules are adopted, effective July 1, 2023. *See* Public Notice Re: Amendments to Local Rules, *available at* https://www.insd.uscourts.gov/sites/insd/files/NoticeAmend-7-1-2023-FINAL.pdf (June 14, 2023). The amended Local Rule 37-1 no longer contains an exception for *pro se* litigants.

As a result, Plaintiff's motion to compel [Filing No. 34] is denied without prejudice. Plaintiff must confer in good faith with Defendant regarding the discovery dispute set forth in his motion. In doing so, Plaintiff should be mindful that protective orders are a common part of federal court practice when sensitive information—such as videos from inside a casino—is sought in discovery. In fact, the Court even has a proposed Uniform Stipulated Protective Order on its website. *See* Uniform Case Management Plan, *available at* https://www.insd.uscourts.gov/forms/uniform-case-management-plan.  The Court is not surprised that Defendants sought to implement a protective order in this case, and expects the parties to agree upon an appropriate protective order to govern the discovery at issue.

Date: 6/28/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TODD BONDS
PO Box 11442
CINCINNATI, OH 45211

3