UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD BONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-02279-JPH-TAB |
| ) | |
| HOLLYWOOD CASINO AND HOTEL, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER ON PLAINTIFF'S MOTION TO AMEND CASE MANAGEMENT PLAN AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Todd Bonds, proceeding *pro se*, has filed a motion to amend the Case Management Plan [Filing No. 38] and a motion for leave to file an amended complaint [Filing No. 41]. For the reasons set forth below, the Court denies both of Plaintiff's motions.

The Court first addresses Plaintiff's motion to file an amended complaint. [Filing No. 41.] This motion is untimely. The Case Management Plan the Court issued on March 27, 2023, set June 1, 2023, as the deadline for seeking leave to file an amended complaint. [Filing No. 21, at ECF p. 2.] On May 1, 2023, Plaintiff filed his first motion for leave to file an amended complaint, which the Court denied on May 22, 2023. [Filing No. 24; Filing No. 33.] Although the Court denied Plaintiff's motion, it provided Plaintiff a new deadline of June 5, 2023, to file a proposed amended complaint addressing the shortcomings noted in the Court's May 22 order. [Filing No. 33.] Plaintiff filed the instant motion on June 21, 2023, 20 days after the agreed upon deadline in the CMP and 16 days after the Court-extended deadline.

Plaintiff claims he did not receive the Court's prior order regarding Plaintiff's amended complaint, but Plaintiff's reasoning falls short and raises questions. [Filing No. 41, at ECF p. 3-

4.] Defendants note that Plaintiff's claim that he did not receive Filing No. 33 seems "both curious and convenient, given that Plaintiff has never expressed any prior difficulties with receiving notifications, until now when faced with the fact of his untimely filing." [Filing No. 44, at ECF p. 4.] The Court agrees.

Moreover, at the outset in this case, the Court screened Plaintiff's complaint and found he can only pursue 42 U.S.C. § 1981 race discrimination claims. [Filing No. 5.] However, Plaintiff now wants to add additional claims (including intellectual property and copyright claims) and additional defendants, which appear to be a shotgun blast of futility. Defendants cannot decipher the legal and factual basis for Plaintiff's proposed new claims for IP violations. Neither can the Court. As a result, in addition to being untimely, these reasons separately support denying Plaintiff's motion for leave to file an amended complaint. [Filing No 41.]

Turning to Plaintiff's motion to amend the Case Management Plan [Filing No. 38], Plaintiff states that he "simply feels that a new Case Management Plan is in order based on the new Claims and Defendants Plaintiff Bonds has submitted." [Filing No. 38, at ECF p. 3.] However, Plaintiff's motion does not identify any new dates proposed. Moreover, as noted above, and as more fully set forth in Defendants' response [Filing No. 44], Plaintiff has already failed to comply with existing CMP deadlines. Finally, Plaintiff's motion is based in part on purported complexities raised by Plaintiff's motion for leave to file an amended complaint. [Filing No. 38, at ECF p. 4.] As this order indicates, however, that motion is denied. Thus, Plaintiff's additional argument in favor of an amended CMP has no merit. For all these reasons, Plaintiff's motion to amend the CMP is also denied. [Filing No. 38.]

Date: 7/17/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TODD BONDS
PO Box 11442
CINCINNATI, OH 45211