UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD BONDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02279-JPH-TAB |
| | ) |
| HOLLYWOOD CASINO AND HOTEL, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER AWARDING COSTS**

The Court entered final judgment in this case in favor of Defendants and against Plaintiff, Todd Bonds, after granting Defendants' motion for summary judgment. Dkt. 84; dkt. 85. Defendants filed a Bill of Costs, dkt. 90, and Mr. Bonds objected, arguing that the Court erroneously entered judgment against him and that defense counsel acted unprofessionally in the litigation, dkt. 92. For the reasons below, Defendants are awarded $3,447.30 in costs. Dkt. [90].

### I.
### Applicable Law

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "There is a presumption" that the prevailing party will recover costs, "and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022). "This presumption in favor of awarding costs is difficult to overcome; therefore, the court must award costs

1

unless it states good reasons for denying them." *Id.* "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id.*

## II.
## Analysis

Defendants seek $3,479.97 in costs incurred in this litigation for deposition transcripts. Dkt. 90; dkt. 91. Mr. Bonds objects, arguing that the Court's judgment against him "was erroneous" and that defense counsel have committed misconduct throughout this litigation. Dkt. 92.

While Mr. Bonds disagrees with the judgment against him, Defendants are prevailing parties and therefore may recover their costs. *See* Fed. R. Civ. P. 54(d)(1). A "prevailing party" is one "that prevails on a substantial part of the litigation." *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017). Defendants here obtained a complete judgment in their favor, and therefore meet that definition. *See id.*; *Smart v. Local 702 Int'l Brotherhood of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009) ("A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief."). To the extent Mr. Bonds argues that he should not have to pay costs for the deposition he did not appear at, *see* dkt. 92 at 2, his inability to appear does not affect Defendants' entitlement to costs as prevailing parties, *see Lange*, 28 F.4th at 845 ("Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs.").[1]

---

[1] Mr. Bonds does not argue that the "narrow" indigency exception may apply here and had provided no evidence of his current finances. *Rivera v. City of Chicago*, 469 F.3d

Mr. Bonds next alleges that defense counsel lied during the litigation and committed ethical violations.  *See* dkt. 92.  But as with his similar allegations in summary judgment briefing, he "provides no evidence for these speculative allegations, which are altogether unsupported."  Dkt. 84 at 8–9.

In sum, on these facts, the "strong presumption that the prevailing party will recover costs" has not been overcome.  *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003).  The Court, however, reduces Defendants' requested costs by $32.67 in finance charges for a past-due invoice because that charge was not "necessary" to litigating this case.  *See* dkt. 91 at 6; *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991).

## III.
## Conclusion

Defendants are awarded $3,447.30 in costs.  Dkt. [90].

**SO ORDERED.**

Date: 11/5/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TODD BONDS
P.O. Box 11442
Cincinnati, OH 45211

All electronically registered counsel

---

631, 634 (7th Cir. 2006); *see Lange*, 28 F.4th at 846 (describing documentary evidence of assets and expenses as "required" to prove indigency).